UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILL MOSES PALMER, III,

    Plaintiff,

v.

G. R. SALAZAR; et al.,

    Defendants.

No. C 08-5378 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Will Moses Palmer, an inmate at Kern Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

A CDC-115 rules violation report was issued charging Palmer with battery on staff for an incident that occurred on July 16, 2004, when he was at the Monterey County Superior Court for a court appearance. Correctional officer E. Sanchez was appointed as his investigative employee, but failed to gather requested evidence. Correctional lieutenant G. R. Salazar was appointed as the hearing officer. At the first scheduled date for a hearing on the CDC-115, Salazar continued the hearing because some evidence and witnesses Palmer had asked investigative employee Sanchez to obtain had not been obtained. On the second date of the continued hearing, some of the evidence and witnesses still had not been secured. Hearing officer Salazar refused to allow Palmer to present civilian witness statements and refused to question any civilian witnesses by telephone, although he did call another prison to interview

1 two inmate witnesses. The hearing was again continued so that staff witnesses could be at the
2 hearing. On the third date of the continued hearing, Palmer was allowed to question two
3 corrections officers, but the hearing officer refused to continue the hearing again to allow
4 Palmer to question other corrections officers. Salazar found Palmer guilty and refused to review
5 photos of staff injuries. Salazar recommended that Palmer be given a SHU term for the offense.
6 The institutional classification committee adopted this recommendation and assessed an 18-
7 month SHU term. One of the exhibits suggests that he served less than the full 18-month SHU
8 term.[1]

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

---

[1] This is the third action by Palmer on connected facts. In Palmer v. Hatton, No. C 05-358 SI, Palmer sued correctional officers for excessive force on him during the July 16, 2004 incident for which the CDC-115 was issued against him for committing a battery on one of them. The court granted summary judgment for defendants on Palmer's excessive force claim, and that decision is on appeal. Palmer also had asserted the due process claim asserted in this action in the 2005 action, but the claim was dismissed from the 2005 action because he had not exhausted administrative remedies for the claim before filing the 2005 action.

The reason Palmer was in the courthouse that day was to face criminal charges for assault and battery on prison staff on December 19, 2002. He sued prison officials for use of excessive force on him during the December 19, 2002 incident in Palmer v. Lamarque, No. C 03-4213 SI. Judgment was entered in defendants' favor after a bench trial in that 2003 action That decision also is pending on appeal.

2

487 U.S. 42, 48 (1988).

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. at 564-7. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445 at 454. The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Palmer alleges that hearing officer Salazar violated his right to due process by refusing to allow him to present certain witnesses and evidence at his disciplinary hearing. He also alleges that he was denied adequate investigative employee services by defendant Sanchez. Liberally construed, the allegations of the amended complaint state a § 1983 claim against defendants Salazar and Sanchez for violating Palmer's right to due process.

The complaint does not state a claim for an Eighth Amendment violation based on Palmer's placement in the SHU where conditions were restrictive. Cf. Madrid v. Gomez, 889 F.Supp. 1146, 1227-30, 1260-65 (N.D. Cal. 1995) (overall conditions of Pelican Bay's SHU do not violate the Eighth Amendment for the non-mentally ill inmates therein). The complaint also does not state a claim against defendant Hughes or the director of the CDCR. Although both are listed in the caption of the complaint, there are no allegations against either. Further, the court dismissed claims against defendant Hughes when Palmer asserted them in his complaint in Palmer v. Hatton, No. C 05-358 SI.

3

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants G. R. Salazar and E. Sanchez for violation of Palmer's right to due process. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon correctional lieutenant G. R. Salazar and correctional officer E. Sanchez, both of whom apparently are employed at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **June 12, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 17, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v.

4

Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 7, 2009**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: March 13, 2009

                         _____
                          SUSAN ILLSTON
                          United States District Judge