United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | No. C 08-5378 SI (pr) |
|     Plaintiff, | **ORDER DENYING MOTIONS TO DISMISS, STAY AND REVOKE PAUPER STATUS** |
|     v. | |
| G. R. SALAZAR; et al., | |
|     Defendants. | |

**INTRODUCTION**

Will Moses Palmer, an inmate at Kern Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, he alleged that defendants Salazar and Sanchez violated his right to due process in a disciplinary proceeding against him. The court found the due process claim cognizable, ordered service on the two defendants, and granted Palmer's in forma pauperis application. This action is now before the court for consideration of defendants' motions to revoke in forma pauperis status, to dismiss and to stay this action.

**DISCUSSION**

A.    Motion To Revoke Pauper Status

Defendants moved the court to revoke Palmer's pauper status and to dismiss the action because he has three or more prior strike dismissals. Their motion is based on 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Before

searching to determine whether Palmer has enough prior dismissals, the court deals with two threshold arguments Palmer makes in opposition to the motion.

Palmer contends that the motion should be denied because the time for defendants to file a motion to dismiss had expired. This argument fails to persuade. Defendants credibly explained in their moving papers that they had been delayed in their efforts to obtain the documents – several of which were from files in the U.S. District Court for the Central District of California -- needed in support of their motion. More importantly, notwithstanding defendants' request to have pauper status revoked and the action dismissed, only the first of those two things would occur if defendants prevail. If pauper status were revoked, Palmer would be given time to pay the full filing fee so he could proceed with the action. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). While the case may be dismissed if the motion is granted <u>and</u> if another event occurs (i.e., non-payment of the fee), the dismissal would not occur unless and until that second event occurs.

Palmer next argues that the action should not be dismissed because the claim he asserts here is the same one he asserted in an earlier action. This argument also fails to persuade because the claim was premature in the earlier action in that he had not exhausted administrative remedies at the time he filed the action. The claim was dismissed in the earlier action for failure to exhaust, and that dismissal was affirmed by the Ninth Circuit. See Order Dismissing Two Defendants And Granting Summary Judgment In Favor Of Other Defendants in Palmer v. Hatton, N. D. Cal. No. C 05-358 SI, affirmed, Palmer v. Hatton, Ninth Cir. No. 08-16534. It would not matter if Palmer had not accumulated three dismissals when he filed that action, if he had done so by the time he filed this action. Having rejected Palmer's two threshold arguments against the motion, the court now considers whether there are enough prior dismissals to revoke pauper status.

The first action defendants identify as a "strike" dismissal is Palmer v. Johnson, C. D. Cal. No. 05-8547 ABC. In that action, Palmer had sued a federal magistrate judge for his allegedly wrongful decision-making in the course of handling Palmer's earlier petition for writ of habeas corpus. The action was dismissed upon defendant's motion, and the basis for the

2

dismissal was that the defendant magistrate judge had absolute immunity for every action alleged in the complaint, notwithstanding Palmer's apparent assertion that the magistrate judge had acted in excess of his jurisdiction. See Def. Req. For Judicial Notice, Exh. A. A reading of the order of dismissal shows that it was a dismissal because the complaint was legally frivolous in that the defendant had absolute judicial immunity. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (for § 1915(g) purposes, a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact'"). This dismissal counts as a strike dismissal for purposes of § 1915(g).

The second action defendants identify as a strike dismissal is Palmer v. Johnson, C. D. Cal. No. 05-1721 UA. In that action, the magistrate judge recommended that the in forma pauperis application be denied because Palmer had not submitted the necessary materials and because the complaint failed to state a claim upon which relief could be granted. Def. Req. For Judicial Notice, Exh. B. The district judge adopted the recommendation and the case was terminated a few days later. In light of the determination that the complaint failed to state a claim upon which relief could be granted, the dismissal counts as a strike dismissal, notwithstanding the fact that there were additional reasons for the denial of the application.

The third action defendants identify as a strike dismissal is Palmer v. Crawford, N. D. Cal. No. 03-1271 SI. The complaint was dismissed with leave to amend because it failed to state a claim upon which relief could be granted. Rather than filing an amended complaint, Palmer requested a voluntary dismissal. The request was granted and the action was dismissed without prejudice. For purposes of §1915(g), the court counts dismissals of actions and not dismissals of complaints.[1] This action was terminated with a voluntary dismissal rather than due to the failure to state a claim. This action does not count as a strike dismissal.

The fourth action defendants identify as a strike dismissal is Palmer v. Crawford, N.D.

---

[1] In O'Neal v. Price, 531 F.3d 1146 (9th Cir. 2008), the court discussed dismissals of complaints and denials of in forma pauperis actions as events that counted for purposes of § 1915(g). However, in none of the strike dismissals examined in that opinion was there a dismissal of a complaint with leave to amend followed by a request for voluntary dismissal. Each of the orders dismissing a complaint or denying an in forma pauperis application resulted in the termination of the action. Here, by contrast, Palmer had the option following the dismissal with leave to amend to pursue the action by amending his complaint. O'Neal thus does not require this court to count the dismissal with leave to amend the complaint as a strike dismissal under § 1915(g).

3

1 Cal. No. 03-956 SI. Like the action in the preceding paragraph, the complaint was dismissed with leave to amend and Palmer requested a voluntary dismissal rather than amend. The request was granted and the action was dismissed without prejudice. This action does not count as a strike dismissal.

Only two of the cases identified by defendants count as strike dismissals for purposes of §1915(g). They fall one short of the three dismissals necessary to make Palmer ineligible for pauper status under § 1915(g). The motion to revoke pauper status and to dismiss therefore is DENIED. (Docket # 12.)

B.  Motion To Dismiss

Defendants filed a motion to dismiss the complaint because it fails to state the relief Palmer requests from the defendants, in contravention of Federal Rule of Civil Procedure 8(a)(3), which requires a complaint to include "a demand for the relief sought."

After defendants filed their motion to dismiss, plaintiff moved to amend his complaint. The proposed first amended complaint has new pages 3, 13, 14, and 15, but otherwise appears to be a photocopy of the original complaint. The first amended complaint has a prayer for relief at pages 13-14 that seeks damages, declaratory and injunctive relief. The deficiency defendants identified in the complaint has been resolved by the filing of the first amended complaint. Defendants' motion to dismiss is DENIED. (Docket # 9.) Plaintiff's motion to amend is DISMISSED as unnecessary; he did not need leave to amend because defendants had not filed a responsive pleading at the time he submitted his first amended complaint. The clerk will file the first amended complaint.

In their motion to dismiss, defendants also requested a stay of further proceedings in this action pending the resolution of the appeal in another action filed by Palmer because the appeal concerned the same claim as alleged in this action. After the parties briefed the stay request in this action, the Ninth Circuit issued its decision affirming the dismissal of the claim (for failure to exhaust) in the earlier action. See Order Dismissing Two Defendants And Granting Summary Judgment In Favor Of Other Defendants in Palmer v. Hatton, N. D. Cal. No. C 05-358 SI,

4

affirmed, Palmer v. Hatton, Ninth Cir. No. 08-16534. Defendants' argument that it would be a waste of resources to proceed in this action until the earlier action was resolved was persuasive when made, but the point is now moot because the appeal has now concluded. The dismissal of the claim in Palmer v. Hatton was affirmed. The due process claim in this action can now proceed. The motion for a stay is DENIED. (Docket # 9.)

**CONCLUSION**

For the foregoing reasons, defendants' motions to revoke pauper status, to dismiss and to stay the proceedings are DENIED. (Docket # 9 and # 12.) Plaintiff's motion to amend is DISMISSED as unnecessary. The operative pleading in this action is now plaintiff's first amended complaint, received by the court on July 13, 2009.

In order to expedite the resolution of this case, the following briefing schedule for any further dispositive motions is set:

    a.    No later than **April 2, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 7, 2010**. Plaintiff must bear in mind the notice and warning regarding summary judgment from the Order Of Service as he prepares his opposition to any summary judgment motion

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **May 28, 2010**.

IT IS SO ORDERED.

Dated: February 6, 2010

                                                      SUSAN ILLSTON
                                                      United States District Judge