United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>    Plaintiff,<br><br>  v.<br><br>G. R. SALAZAR; et al.,<br><br>    Defendants.<br>                                                      / | No. C 08-5378 SI (pr)<br><br>**ORDER STAYING DISCOVERY AND REGARDING SUMMARY JUDGMENT PROCEEDINGS** |

Defendants have moved to stay discovery pending a ruling on their motion for summary judgment in which they assert they are entitled to qualified immunity. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The motion to stay discovery is GRANTED. (Docket # 36.)   All discovery is stayed until the court rules on the motion for summary judgment.

The day before defendants filed their motion for summary judgment (docket # 32), plaintiff filed a motion for summary judgment (docket # 31), to which defendants filed an opposition (docket # 38) and in support of which plaintiff filed a reply (docket # 39).   Plaintiff then filed an amended motion for summary judgment (docket # 41), without any explanation of what portion of the pending motion he was amending or why he needed to amend it. Plaintiff's amended motion for summary judgment is actually his third try: his first motion for summary judgment (docket # 26) was denied (see docket # 29), and his second motion for summary judgment (docket # 31) is still pending. It is an unnecessary expenditure of limited judicial

resources for the court to have to address multiple summary judgment motions from the same party at the same time. In the interests of justice, the court now DISMISSES plaintiff's <u>amended</u> motion for summary judgment (docket # 41) without prejudice to plaintiff filing a new motion for summary judgment if it is still necessary and appropriate after the court rules on plaintiff's pending motion for summary judgment (docket # 31) and defendants' pending motion for summary judgment (docket # 32). In short, plaintiff must await the court's ruling on those motions (i.e., docket # 31 and # 32) before he may file any further dispositive motion.

IT IS SO ORDERED.

Dated: May 2, 2011

_____
SUSAN ILLSTON
United States District Judge